# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| SANDRA WILLIS | PLAINTIFF |
| v. | CIVIL ACTION NO. 2:13-cv-00060-KS-MTP |
| ALLSTATE INSURANCE COMPANY and JOHN DOES 1-5 | DEFENDANT |

_____

## FRCP 54 MOTION TO RECONSIDER THE COURT'S PREVIOUSLY ENTERED ORDER [53]
_____

COMES NOW, Plaintiff, Sandra Willis, by and through her undersigned counsel of record, and files this her Motion to Reconsider pursuant Federal Rule of Civil Procedure 54 and, in support thereof, would state to this Honorable Court as follows:

### Introduction

1. On February 20, 2014, after reviewing the recently filed discovery motions by both parties, the Court directed the parties to confer in good faith regarding their discovery issues. *See* Order [47]. The Court further ordered that if any issues remain unresolved, the parties shall respond to the pending motions on or before March 3, 2014.

2. On, February 24, 2014, the parties conferred at the offices of McHard & Associates in Hattiesburg, Mississippi, and resolved the majority of the discovery issues in dispute.

3. On February 28, 2014, the parties submitted their Joint Report of Discovery Conference [52]. The report stated that all issues had been resolved with the exception of two requests for production of documents at the Federal Rule of Civil Procedure 30(b)(6) deposition of Allstate made pursuant to Federal Rule of Procedure 30(b)(2).

4. On Sunday, March 2, 2014, the undersigned's wife entered labor in preparation of given birth to the undersigned's second child. On Monday, March 3, 2014, the undersigned's wife was admitted to the fourth floor of Forrest General Hospital's labor and delivery ward. At approximately 12:53 p.m., the undersigned's wife gave birth to a 10 pound, 8 ounce baby boy.

5. Although under normal circumstances both the mother and newborn are discharged from the hospital after approximately twenty-four (24) hours of care and supervision, the undersigned's wife and son were not discharged from Forrest General Hospital until the afternoon of Wednesday, March 5, 2014, due to the newborn's elevated bilirubin levels.[1] The undersigned did not return to full-time hours of employment until Thursday, March, 2014.

6. On Wednesday, March 5, 2014, the Court entered its Order [53] denying Plaintiff's 30(b)(2) request for production as to the underwriting file of Allstate. The Court's decision seemed to be primarily rooted in Plaintiff's lack of response to Allstate's outstanding motion for protective order [43]. Counsel for Plaintiff apologizes for failure to timely file a response and requests the court to reconsider this matter in light of the facts above.

**Standard**

7. The standard for reconsideration of any interlocutory order is specified in Fed. R. Civ. P. 54(a), which states such orders "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Interlocutory orders should be reconsidered and reversed "for any reason [the Court] deems sufficient, even in

---

[1] Apparently, this condition occurs as result of an incompatible blood type between mother and newborn.

the absence of new evidence or an intervening change in or clarification of the substantive law." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010); see also *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010); *Louisiana Guidry*, 489 F.3d 692, 698, n.14 (5th Cir. 2007); *McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738, n.6 (5th Cir. 1993); *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 167, 185 (5th Cir. 1990).

8. Reconsideration of interlocutory orders must be allowed under Rule 54(b) whenever justice requires. *See Williamson Pounders Architects, P.C. v. Tunica County*, Miss., 2008 WL 2856826, p. *8 (N.D. Miss. 2008) ("Justice requires that this court reconsider its ruling [denying a motion to dismiss] in order properly to apply the law."); *Plaquemines Holdings, LLC v. CHS, Inc.*, 2013 WL 1344570, p. *2 (E.D. La. 2013) (interlocutory orders should be set aside under less stringent Rule 54(b) standard whenever justice requires); *Century Products Co. v. Cosco, Inc.*, 2003 WL 251957, at *5 (N.D. Tex. 2003) (applying less stringent Rule 54(b) standard to motions to reconsider interlocutory order);; *see also Trunzo v. Citi Mortg*., 876 F. Supp. 2d 521, 544 (W.D. Penn. 2012) ("Motions for reconsideration play an important role in the adjudication of claims and defenses when they present the Court with a compelling argument that its initial decision was erroneous because the Court did not consider controlling precedent, or mischaracterized or misapprehended the factual record. The quest to 'get it right' is central to sound judicial decision making, and such motions can add to that effort.").

**Plaintiff and Plaintiff's Counsel Have Shown Sufficient Cause to Enable the Court to Reconsider Its Ruling**

9. As stated above, the Court's order denying Plaintiff the production of Allstate's underwriting file seems to stem from Plaintiff's failure to respond to Allstate's Motion

for Protective Order. *See* Order [53] ("As mentioned, Plaintiff did not respond to the motion for protective order.")

10. However, Plaintiff has shown good cause for her failure to respond as Plaintiff's counsel was attending to his ailing wife and newborn baby at Forrest General Hospital from Monday, March 3, 2014 through Wednesday, March 5, 2014. Certainly, the birth of a child constitutes "sufficient reason" for the Court to reconsider its prior ruling. *See Zarno*, *supra.* At worst, Plaintiff's failure to respond merely constitutes excusable neglect.

**Allstate's Underwriting File is Relevant and Should be Produced**

11. Insurance underwriting is the process by the insurance company of classification, rating, and selection of risks. *The Basics of Underwriting Insurance*, www.finweb.com (**Exhibit 1**) In simpler terms, it's a risk selection process, and this selection process consists of evaluating information and resources to determine how an individual will be classified. *Id.*

12. Allstate's underwriting file for Plaintiff's policies of homeowner's insurance at the subject property where the instant fire loss occurred will contain the Allstate agent's supplemental application form, appraisals conducted by Allstate, cancellation/non-renewal notices, credit reports, industry and investigative reports on Plaintiff, loss control report noting any potential fire hazards, pre-loss photographs, information about other properties or coverages Willis has or previously had with the insurance company, and correspondence or other internal memoranda with the agent / broker concerning the coverage.

13. Not only is each of the above expressly relevant to Willis' bad faith lawsuit, each will certainly show Allstate's improperl motive for denying Willis' claim – that Allstate knew its insured was a poor, uneducated single African American female which most likely would be unable to dispute any of Allstate's actions concerning coverage. *See U.S. v. Cook*, 589 F. 3d 173, 182 (5th Circuit 2009)(information related to "intent, knowledge, motive, and plan" is relevant at trial). In addition, this Court has previously found the underwriting file to be relevant to a bad faith cause of action and ordered the underwriting file produced. *See Taylor v. Hartford*, 2010 WL 1949493 (S.D. Miss. 2010)(compelling production of underwriting file requested by Plaintiff's interrogatories in a bad faith lawsuit.)

14. Accordingly, because the underwriting file for Willis' homeowner's policy is relevant to Willis' claims against Allstate, it should be produced by Defendant Allstate.

## Conclusion

15. For the reasons stated above, Willis' requests that the Court reconsider its prior Order [53] and compel Defendant Allstate to produce its underwriting file.

16. Due to the simplicity and straight-forward nature of this motion, Plaintiff requests the Court waive the requirements of Local Rule 7.2 requiring a memorandum of authorities.

Respectfully submitted this 13th day of March, 2014.

                                          **SANDRA WILLIS**
                                          **PLAINTIFF**

                                          BY:__/s/ *P. Manion Anderson*_____
                                              P. MANION ANDERSON, # 104250

SAMUEL S. McHARD, MSB # 100295
P. MANION ANDERSON, MSB # 104250
McHARD & ASSOCIATES, PLLC
ATTORNEYS AT LAW
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
TELEPHONE: 601-450-1715
FACSIMILE:  601-450-1719

# CERTIFICATE OF SERVICE

I, P. Manion Anderson, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 13th day of March, 2014.

BY:__/s/  P. Manion Anderson_____
P. MANION ANDERSON, # 104250

SAMUEL S. McHARD, MSB # 100295
P. MANION ANDERSON, MSB#104250
McHARD & ASSOCIATES, PLLC
ATTORNEYS AT LAW
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
TELEPHONE: 601-450-1715
FACSIMILE:  601-450-1719