IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SANDRA WILLIS                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO.: 2:13-cv-60-KS-MTP

ALLSTATE INSURANCE COMPANY, ET AL.                                  DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Quash Subpoena [73]. Having considered the parties' submissions and the applicable law, the Court finds that the Motion [73] should be granted in part and denied in part.

**BACKGROUND**

In this action, Plaintiff Sandra Willis asserts breach of contract and bad faith claims against Defendant Allstate Insurance Company ("Allstate") arising from Allstate's denial of Plaintiff's claim for insurance proceeds relating to a house fire on June 14, 2012. (Complaint [1].) During the investigation of the insurance claim, Allstate sought the services of Attorney David Waldrop.  Allstate requested that Attorney Waldrop opine on the coverage issues relating to Plaintiff's claim. (Allstate's Brief [74].)  On February 19, 2013, Attorney Waldrop provided Allstate a coverage opinion. (Allstate's Brief [74].)  After Plaintiff brought this action, Allstate provided Plaintiff a copy of the coverage opinion. (Allstate's Reply [92].)  Allstate, however, withheld certain documents which contained communications between Attorney Waldrop and Allstate and listed those documents in a privilege log. (Allstate's Brief [74].)

On February 21, 2014, Allstate designated W. Brian Smith as its expert regarding claims handling.  According to Plaintiff, Smith's report states, in pertinent part:

1

> The aforementioned opinion is based on but not limited to the following:
>
> . . .
>
> Based on information gathered by Allstate and their various experts, it was recommended on the [sic] 2/9/2013 from then counsel David Waldrop to deny the contents of the claim. He also advised the building portion could be denied but the residency laws in according to [sic] Mississippi law are viewed liberally . . . .

(Plaintiff's Response [87].) Additionally, Allstate's Rule 30(b)(6) representatives, Tony Depriest and Brendan Barrett, testified that Allstate's decision to deny Plaintiff's claim for insurance proceeds was based, in part, on Attorney Waldrop's coverage opinion. (Plaintiff's Response [99]: Exs. 1 & 2.)

On April 2, 2014, Plaintiff had a subpoena issued compelling Attorney Waldrop to produce his "entire claim file of Sandra Willis, including any correspondence to and from Allstate and any reports to and from Allstate." (Subpoena [68].) On April 9, 2014, Allstate moved to quash the subpoena, arguing that the sought-after documents are protected by the attorney-client privilege and contain attorney work product. (Allstate's Motion [73].)

Plaintiff responded, arguing that she is entitled to the documents because the protections afforded by the attorney-client privilege and the work product doctrine were either inapplicable to the documents at issue or waived by Allstate.

## ANALYSIS

**<u>Attorney-Client Privilege</u>**

Pursuant to Federal Rule of Evidence 501, state law determines the applicability of a privilege in diversity actions such as the case *sub judice*. Thus, Mississippi law governs this privilege issue. In Mississippi, the attorney-client privilege is defined as the client's right to refuse to disclose and prevent others from "disclosing confidential communications made for the

purpose of facilitating the rendition of professional legal services to the client." Miss. R. Evid. 502(b).

This privilege is broad, but it may be waived. A waiver may occur when a client reveals otherwise privileged communications to a third party. A client may also waive the attorney-client privilege and make information discoverable "'[b]y voluntarily injecting into a litigated case, a material issue which requires ultimate disclosure by the attorney of the information, ordinarly protected by the privilege . . . .'" *Jackson Med. Clinic for Women, P.A. v. Moore*, 836 So. 2d 767, 773 (Miss. 2003) (quoting *American Standard, Inc. v. Bendix Corp.*, 80 F.R.D. 706, 708 (W.D. Mo. 1978)). The Fifth Circuit explained that

> The attorney-client privilege was intended as a shield, not a sword. When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege. The great weight of authority holds that the attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.

*Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) (internal citations and quotations omitted).

Allstate does not dispute that it waived the attorney-client privilege with respect to the February 19, 2013, coverage opinion, which it produced in discovery.[1] Allstate, however, argues that the waiver does not extend to Attorney Waldrop's entire file. According to Allstate, the only information in Attorney Waldrop's possession that has been placed at issue and is discoverable in this matter is the February 19, 2013, coverage opinion because the expert's report does not mention any other document in Waldrop's file.

---

[1] Allstate confirms that its expert stated "in his report that he relied on a coverage opinion drafted by David Waldrop, among a long list of other items, in concluding that Allstate properly handled Sandra Willis' claim for insurance proceeds." (Allstate's Reply [92].)

Allstate understates the scope of a waiver that results from inserting otherwise privileged information into litigation. "[T]he general rule, which Mississippi appears to follow, is that a waiver of the privilege is deemed to encompass all information related to that topic." *Baptist Health v. Bancorpsouth Ins. Servcs., Inc.*, 270 F.R.D. 268, 273 (N.D. Miss. 2010) (citing *Bennett v. State*, 293 So. 2d 1, 4 (Miss. 1974)). Allstate seeks to use the February 19, 2013, coverage opinion to advance an advice-of-counsel defense but also seeks to invoke the attorney-client privilege to deny Plaintiff access to additional information that could provide important context for understanding the coverage opinion. "'The waiver doctrine entails the result not only of the claim for the particular document, but for any other document relating to the same subject matter.'" *Id*. at 274 (quoting Wight, Miller & Marcus, Federal Practice and Procedure § 2016.2 at 238 & n. 7 (1994)); *see also Tackett v. State Farm*, 653 A.2d 254, 260 (Del. 1995) (holding that when "an insurer makes factual representations which implicitly rely upon legal advice as justification for non-payment of claims, the insurer cannot shield itself from disclosure of the complete advice of counsel relevant to the handling of the claim.")

The Court finds that Allstate has waived the attorney-client privilege for all communications between it and Attorney Waldrop regarding insurance coverage advice or opinions related to Plaintiff's claim for insurance proceeds.

**Work Product Doctrine**

The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3). "The work product doctrine does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Liberty Mutual Ins. Co. v. Tedford*, 644 F. Supp. 2d 753,

764 (N.D. Miss. 2009).  The work product doctrine only protects materials that were prepared in anticipation of litigation. Fed R. Civ. P. 26(b)(3).  Documents prepared in the ordinary course of business or that would have been created in similar form irrespective of the litigation are not protected as work product.

Allstate has the burden of establishing that the information at issue is work product. *Hodges, Grant & Kaufmann v. U.S.*, 768 F.2d 719, 721 (5th Cir. 1985).  In the opinion of the Court, Allstate has not met its burden of establishing that documents are protected by the work product doctrine.

"Documents created by the insurer or its representative tend not to be protected by the work product doctrine if they were prepared as a more or less routine investigation of a possible resistible claim." *Kansas City. Southern Ry. Co. v. Nichols Const. Co. LLC*, 2007 WL 2461014, at *5 (E.D. La. Aug. 27, 2007) (citation and internal quotations omitted).  Therefore, the key question is when did Allstate shift from merely investigating the claim to anticipating litigation. *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 2013 WL 6002166, at *4 (S.D. Tex. Nov. 12, 2013).

Often, an insurer begins to anticipate litigation when it denies coverage, but a bright-line rule has not been established in the Fifth Circuit for determining when an insurer anticipates litigation.  The Fifth Circuit has stated that litigation pertaining to insurance coverage is appropriately anticipated from the date an insurer has a "solid basis to question the . . . insurance claim." *Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991).  "[I]n an insurance dispute, the question of whether the documents are work product often depends on whether the insurer can point to a definite shift from acting in its ordinary course of business to acting in anticipation of

litigation." *OneBeacon*, 2013 WL 6002166, at *5 (citation and internal quotations omitted).

Allstate has not pinpointed a definite shift from acting in its ordinary course of business to acting in anticipation of litigation. Allstate's conclusory statement that coverage opinions are not prepared in the ordinary course of business is not enough to show that Allstate anticipated litigation and that the work product doctrine should protect communications between Allstate and Attorney Waldrop regarding Plaintiff's claim.

Moreover, even if the work product doctrine is applicable to the information at issue, Allstate waived its protections. "Where a party puts in issue an attorney's opinion or work product . . . both the attorney-client privilege and protections afforded by the work product doctrine are waived." *Liberty Mutual Ins. Co. v. Tedford*, 644 F. Supp. 2d 753, 764 (N.D. Miss. 2009) (*citing Cincinnati Ins. Co. v. Zurich Ins. Co.*, 198 F.R.D. 81 (W.D.N.C. 2000)). As previously discussed, Allstate injected Waldrop's advice into this case.[2]

**Scope of Discovery**

Although the Court finds that certain information in Attorney Waldrop's possession is not protected by the attorney-client privilege or work product doctrine, it does not necessarily follow that Plaintiff is entitled to Waldrop's "entire file." Plaintiff is entitled to information relating to Allstate's defense that it relied on the advice of counsel. The information that Allstate placed at issue in this case relates to Allstate's knowledge of and reliance upon Waldrop's

---

[2] Additionally, Plaintiff has demonstrated a "substantial need" for the information which formed the basis for Allstate's reliance on Waldrop's coverage opinion. *See US v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (holding that materials protected by the work product doctrine "may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.")

opinions and advice. Accordingly, Plaintiff is entitled to all written communications (or notes describing such) between Allstate and Attorney Waldrop regarding Plaintiff's claim for benefits under the Allstate policy at issue in this case. This would include all documents provided by Allstate (or any other person) to Attorney Waldrop that were reviewed or considered in reaching his opinion. Waldrop need not produce copies of cases, research, or other notes he prepared (unless they reference correspondence with Allstate) while rendering or forming his opinion, as such documents have no real bearing on the issue of Allstate's reliance on the advice of counsel and are beyond the scope of discovery.[3]

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Quash Subpoena [73] is GRANTED in part and DENIED in part,

2. David Waldrop, on or before May 19, 2014, shall produce the discoverable documents, as set forth herein, and

3. The Clerk of Court is directed to mail, on this date, a copy of this Order to David Waldrop, Waldrop & Nearn, PC, 9032 Stone Walk Place, Germantown, TN 38138-7824. Allstate if further ordered to immediately provide a copy of this Order to David Waldrop.

SO ORDERED this the 12th day of May, 2014.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] Additionally, such documents would contain opinion or core work product which would merit a higher degree of protection. *See Dunn*, 927 F.2d at 875.