IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SANDRA WILLIS                                                                          PLAINTIFF

V.                                             CIVIL ACTION NO. 2:13-CV-60-KS-MTP

ALLSTATE INSURANCE COMPANY                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

      Plaintiff filed a Motion to Strike [136], arguing that the Court should strike numerous exhibits to Defendant's Motion for Summary Judgment [119] and Defendant's response [131] to Plaintiff's Motion for Summary Judgment.

      For the reasons stated below, the Motion to Strike [136] is **granted in part and denied in part**. The Court grants the Motion to Strike as to the following exhibits, which the Court shall not consider when addressing the pending dispositive motions: Exhibit B [119-2], Exhibit J [119-10], Exhibit P [119-16], Exhibit Q [119-17], Exhibit R [119-18], Exhibit T [119-20], Exhibit Y [119-25], Exhibit II [119-35], and Exhibit JJ [119-36]. The Court denies the Motion to Strike with respect to Exhibit H [119-8], Exhibit K [119-11], and Exhibit DD [119-30].

      A.    *Rule 56(c)*

      Defendant argues that Rule 56 merely requires that the facts alleged in the motion are capable of being presented in an admissible form at trial, regardless of whether they have been presented in an admissible form at the summary judgment stage. In Defendant's words: "It is the possibility of admissibility that determines whether facts can be considered at summary judgment, not whether the admissibility

of the underlying exhibits has been affirmatively proven by Allstate." Defendant apparently contends that it does not have to present admissible evidence at the summary judgment stage, and that the Court must accept its assurance that it could do so at trial when it has not done so on summary judgment.

This argument is nonsense. Rule 56(c) provides that:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). However, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). Therefore, "only materials which were included in the pretrial record and that would have been admissible evidence may be considered." *Stults v. Conoco*, 76 F.3d 651, 654-55 (5th Cir. 1996); *see also Mersch v. City of Dallas*, 207 F.3d 732, 735 (5th Cir. 2000). In other words, "[t]he admissibility of evidence [at summary judgment] is subject to the same standards and rules that govern the admissibility of evidence at trial." *Rushing v. Kansas City S. Ry.*, 185 F.3d 496, 504 (5th Cir. 1999); *see also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("Evidence inadmissible at trial cannot be used to avoid summary judgment.").

## B.  *Specific Exhibits*

   1.  *Exhibit B [119-2]*

Exhibit B is a copy of Defendant's claim history report. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Documents submitted as summary judgment evidence must be authenticated. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991). "The standard for authentication is not a burdensome one." *United States v. Davis*, 754 F.3d 278, 281 (5th Cir. 2014). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). To be admissible, the proponent must only make a "*prima facie* showing of authenticity," as "the ultimate issue of authenticity is a question for the jury." *United States v. Alejandro*, 354 F. App'x 124, 128 (5th Cir. 2009) (citing *United States v. Guidry*, 406 F.3d 314, 320 (5th Cir. 2005)). Rule 901 only requires "some competent evidence in the record to support authentication." *United States v. Wake*, 948 F.2d 1422, 1434 (5th Cir. 1991).

Defendant failed to address Plaintiff's authentication argument. It failed to lay a proper foundation for the exhibit, direct the Court to any record evidence showing that the exhibit is what Defendant claims it to be,[1] or offer any argument that it is self-authenticating. Therefore, the Court grants Plaintiff's Motion to Strike with respect to Exhibit B [119-2] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d

---

[1]The Court has no duty to search the record for evidence to support a party's argument. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

at 654-55 (only evidence in the record that would be admissible at trial may be considered on summary judgment); *Howard v. Director, FEMA*, 960 F. Supp. 1095, 1095 n. 1 (S.D. Miss. 1996) (NFIP preliminary report not considered as evidence because proponent failed to authenticate it).

    2.    *Exhibit H [119-8]*

Exhibit H is a copy of a contents list compiled by Plaintiff and others. Plaintiff argues that the list is inadmissible because Defendant failed to comply with a Mississippi statute requiring insurers to provide insureds with blank forms to make proof of loss. The relevant statute states:

> In case of destruction or damage of property by fire where the same is insured against fire, it shall be the duty of the insurance company or companies liable for such loss, within a reasonable time after receiving notice thereof, to furnish to the insured proper blanks upon which to make the required proof of loss, with full directions as to what proof is required to secure the payment of the policy. If the insurance company fails to comply with this section, the failure of the insured to make proper proof of loss prior to the suit shall be no defense to the suit upon the policy, and in all cases the insured shall have a reasonable time in which to make such proof after the blanks and directions are received.

MISS. CODE ANN. § 83-13-13.

This statute provides that a policy's requirement of "proof of loss is waived where the insurer fails to furnish to the insured" a proper form as required by the statute. *United States Fid. & Guar. Co. v. Whitfield*, 355 So. 2d 307, 310 (Miss. 1978); *see also United States Fid. & Guar. Co. v. Arrington*, 255 So. 2d 652, 656 (Miss. 1971) ("The insurance companies may not raise the defense of no proof of loss when proper forms are not furnished . . . ."). It has nothing to do with admissibility of evidence.

4

Plaintiff also argues in reply that the contents list is inadmissible hearsay. The Court does not consider arguments "raised for the first time in a reply brief." *DePree v. Saunders*, 588 F.3d 282, 290 (5th Cir. 2009). Therefore, the Court denies Plaintiff's Motion to Strike with respect to Exhibit H [119-8] to Defendant's Motion for Summary Judgment.

    3.    *Exhibit J [119-10]*

Exhibit J is another claim history report. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit J [119-10] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

    4.    *Exhibit K [119-11]*

Exhibit K is a transcript of the deposition of Arletta Henderson. Plaintiff argues that portions of the transcript are inadmissible for the same reasons as Exhibit H, discussed above. However, the Mississippi statute cited by Plaintiff, *see* MISS. CODE ANN. § 83-13-13, has nothing to do with the admissibility of evidence or deposition transcripts. Plaintiff also argues in reply that the transcript is inadmissible hearsay, and that the transcript attempts to "back door" expert opinions that would not otherwise be admissible. But the Court does not consider arguments "raised for the first time in a reply brief." *DePree*, 588 F.3d at 290. The Court denies Plaintiff's Motion to Strike with respect to Exhibit K [119-11] to Defendant's Motion for Summary

Judgment.

     5.    *Exhibit P [119-16]*

Exhibit P is an investigative report prepared by The Barnett Group. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit P [119-16] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

     6.    *Exhibit Q [119-17]*

Exhibit Q is Cause and Origin Report and Debris Sift performed by M. A. Stringer & Associates, Inc. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit Q [119-17] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

     7.    *Exhibit R [119-18]*

Exhibit R is a supplemental investigative report from The Barnett Group. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit R [119-18] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

8. *Exhibit T [119-20]*

Exhibit T is correspondence between Defendant's adjuster and its previous counsel. Among other things, Plaintiff argues that Defendant failed to properly authenticate the document. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit T [119-20] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

9. *Exhibit Y [119-25]*

Exhibit Y is a copy of the Fire Marshal's Investigative Report. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit Y [119-25] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

10. *Exhibit DD [119-30]*

Exhibit DD is a transcript of Plaintiff's EUO. Plaintiff argues that it is inadmissible because Defendant failed to provide the complete transcript or her errata sheet. Plaintiff cited no law in support this argument. Regardless, it is moot insofar as Plaintiff provided the Court with the full EUO transcript [124-8] and errata sheet [124-9]. The Court denies Plaintiff's Motion to Strike with respect to Exhibit DD [119-30] to Defendant's Motion for Summary Judgment.

11. *Exhibit II [119-35]*

Exhibit II is a summary of the examinations under oath of Plaintiff and others, prepared by Defendant's previous counsel. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit II [119-35] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

   12.   *Exhibit JJ [119-36]*

Exhibit JJ is a coverage opinion provided by Defendant's previous counsel. Among other things, Plaintiff argues that Defendant failed to properly authenticate it. Defendant failed to address Plaintiff's authentication argument. Therefore, for the same reasons stated above, the Court grants Plaintiff's Motion to Strike with respect to Exhibit JJ [119-36] to Defendant's Motion for Summary Judgment. *See Stults*, 76 F.3d at 654-55; *Howard*, 960 F. Supp. at 1095 n. 1.

C.   *Conclusion*

For the reasons stated above, the Motion to Strike [136] is **granted in part and denied in part**. The Court grants the Motion to Strike as to the following exhibits, which the Court shall not consider when addressing the pending dispositive motions: Exhibit B [119-2], Exhibit J [119-10], Exhibit P [119-16], Exhibit Q [119-17], Exhibit R [119-18], Exhibit T [119-20], Exhibit Y [119-25], Exhibit II [119-35], and Exhibit JJ [119-36]. The Court denies the Motion to Strike with respect to Exhibit H [119-8], Exhibit K [119-11], and Exhibit DD [119-30].

SO ORDERED AND ADJUDGED this 22nd day of September, 2014.

                *s/Keith Starrett*
                UNITED STATES DISTRICT JUDGE