IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SANDRA WILLIS**                                                                                          **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:13-CV-60-KS-MTP**

**ALLSTATE INSURANCE COMPANY**                                                **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants in part and denies in part** Plaintiff's Motion to Exclude [121] the Expert Testimony of W. Brian Smith.

*A.   Background*

This case involves alleged bad faith and breach of contract related to the handling of claims on a homeowner's insurance policy. Plaintiff's house burned down in June 2012. It was insured under a homeowner's policy issued by Defendant. After an investigation, Defendant denied the contents portion of Plaintiff's claim, alleging that she made material misrepresentations related to the loss. Plaintiff brought this lawsuit, alleging that Defendant delayed payment on the dwelling portion of her claim in bad faith, denied payment on the contents portion of her claim in bad faith, and failed to investigate her theft claim in bad faith. The parties' cross-motions for summary judgment [119, 123] are pending.

Plaintiff filed a Motion to Exclude [121] the testimony of Defendant's proposed expert, W. Brian Smith. Smith is an independent insurance claims adjuster whom Defendant designated as an expert witness in the insurance industry. Smith intends to testify that "the circumstances surrounding [Plaintiff's] loss required additional

investigating;" that "the investigation conducted was reasonable and necessary;" that the "investigation was conducted in a timely manner;" and that "there is more than sufficient information supporting the decision that the contents portion of this claim be denied." In other words, Smith intends to testify that Defendant had an arguable and legitimate basis for investigating Plaintiff's claims and for denying her contents claim, and that Defendant did not breach the contract in bad faith.

For a variety of reasons, Plaintiff contends that these opinions do not satisfy the requirements of Rule 702. Plaintiff is correct.

## B. *Discussion*

Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. "An expert may base on opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." FED. R. EVID. 703.

A trial judge has a "gatekeeping obligation" under Rule 702 to ensure that all expert testimony is both reliable and relevant. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)). Rule 702's "relevance prong requires the proponent to demonstrate that the expert's reasoning or methodology can be properly applied to the facts in issue." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (punctuation omitted). Proposed expert testimony which offers a legal opinion is inadmissible, *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999), because it does not "help the trier of fact to understand the evidence or determine a fact in issue . . . ." FED. R. EVID. 702(a). "An opinion is not objectionable just because it embraces an ultimate issue" in the case, FED. R. EVID. 704(a), but expert witnesses are not permitted "to tell the jury what result to reach" or "to give *legal* conclusions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see also Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (district court properly excluded expert testimony that party breached its fiduciary duties); *Hobbs v. Legg Mason Inv. Counsel & Trust Co., N.A.*, No. 3:09-CV-9-SA-DAS, 2011 U.S. Dist. LEXIS 7168, at *10-*12 (N.D. Miss. Jan. 25, 2011).

Either delay or denial of a claim can constitute bad faith. *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014). The crux of both analyses is whether the insurer had an arguable or legitimate reason for its actions. *See Dauro v. Allstate Ins. Co.*, 114 F. App'x 130, 135 (5th Cir. 2014) (". . . to prevail in a bad faith claim against an insurer, the plaintiff must show . . . that the insurer lacked an

3

arguable or legitimate basis for denying [or delaying payment of] the claim . . .”). The Fifth Circuit has held that "[t]he question of whether [an insurer] had an arguable basis for denying the [insured's] claim is an issue of law for the court," *Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008), and it has treated "caselaw that refers to 'denial of a claim' as interchangeable with 'delay of payment on a claim . . . .'" *James*, 743 F.3d at 69 n. 4.

Smith's opinions cited above – that Defendant had an arguable and legitimate reason to investigate the claim and delay payment, and that it had an arguable and legitimate reason to deny the contents claim – are legal conclusions which are irrelevant to any issue before the jury and inadmissible.[1] Furthermore, such testimony would amount to simply telling the jury that there was no bad faith, which is likewise impermissible. *Owen*, 698 F.2d at 240.

C.  **Contract Interpretation**

Plaintiff also objects to Smith providing an interpretation of certain provisions of the policy, such as the coverage limits, deductible, and amount of additional living

---

[1] *Russ v. Safeco Ins. Co. of Am.*, No. 2:11-CV-195-KS-MTP, 2013 U.S. Dist. LEXIS 42333, at *60-*61 (S.D. Miss. Mar. 26, 2013) (expert's opinion that insurer had a reasonable basis to deny a claim was a legal conclusion and inadmissible); *Marmillion v. Am. Int'l Ins. Co.*, No. 1:07-CV-1132-LG-RHW, 2008 WL 4514375, at *6 n. 19 (S.D. Miss. Oct. 1, 2008) (expert testimony that insurer had an arguable basis to deny coverage was inadmissible); *Jones v. Reynolds*, No. 2:06-CV-57, 76 Fed. R. Evid. Serv. (Callaghan) 619, 2008 U.S. Dist. LEXIS 40120, at *30-*32 (N.D. Miss. May 16, 2008) (expert testimony that insurer did not provide reason for denying payment or reasonably investigate claim was inadmissible); *Young v. State Farm Mut. Auto. Ins. Co.*, No. 2:97-CV-24-B-B, 1999 WL 33537177, at *2 (N.D. Miss. Feb. 16, 1999) (expert testimony that insurer had no arguable basis to deny coverage was inadmissible).

expenses. Of course, the "interpretation of a contract is a question of law for the court." *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1096 n. 5 (5th Cir. 1995); *see also Cunningham & Co. v. Consolidated Realty Mgmt., Inc.*, 803 F.2d 840, 843 (5th Cir. 1986) (contract interpretation is a question of law for the court, not the jury); *Russ*, 2013 U.S. Dist. LEXIS 42333 at *54-*55; *Ergon-West Va., Inc. v. Dynegy Mktg. & Trade*, No. 3:06-CV-714-DPJ-LRA, 2011 U.S. Dist. LEXIS 25064, at *14 (S.D. Miss. Feb. 25, 2011). Therefore, Smith's interpretation of the policy is irrelevant to any issue before the jury and inadmissible.

### D.   *Conclusion*

For the reasons stated above, the Court **grants in part and denies in part** Plaintiff's Motion to Exclude [121] the Expert Testimony of W. Brian Smith. The Court grants the motion with respect to any opinion testimony from Smith as to the ultimate legal issues of whether Defendant had an arguable or legitimate reason to delay payment of Plaintiff's claims or deny payment of her contents claim. This bar applies equally to testimony that Defendant's delay or denial was "reasonable," "appropriate," "within industry standards," or any other alternative phrasing that effectively addresses the ultimate legal issue of bad faith. The Court also grants the motion as to any opinion which constitutes policy interpretation.

Smith may, however, provide testimony about "technical and specialized" aspects of the "insurance industry" that will "assist the trier of fact in understanding the issues and related evidence." *Russ*, 2013 U.S. Dist. LEXIS 42333 at *61-*62. In other words, he may testify about industry norms such as "a standard insurance

industry procedure for handling of claims . . . ." *Jones*, 2008 U.S. Dist. LEXIS 40120 at *31. Likewise, he may testify as to the "the standard of conduct" expected from adjusters or claims handlers. *Id.* But he may not "draw conclusions from those standards" as to the ultimate legal issue of Defendant's alleged bad faith. *Id.*

The Court declines to sift through Smith's report and separate the admissible statements from the inadmissible ones. The Court trusts that Defendant's counsel can explain to Smith the boundaries of permissible testimony, and that Plaintiff's counsel can make objections where they deem it necessary.

SO ORDERED AND ADJUDGED this 26th day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE